UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONEEL DEO (A#079-261-235),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-02068-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner is a noncitizen who entered the United States on an unknown date. In 2005, he became a lawful permanent resident ("LPR"). ECF No. 1 at 5. Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers on December 19, 2023 and has been in continuous custody for almost two and a half years. ECF No. 1 at 5. He has not received a bond hearing before an immigration judge ("IJ") during that time period. Id. He is currently detained at the California City Detention Facility located within this judicial district. ECF No. 1 at 3.

After the parties completed initial briefing, the undersigned issued Findings and Recommendations on June 3, 2026, which recommended granting the § 2241 petition and

requiring Respondents to provide Petitioner with a bond hearing before an immigration judge. ECF No. 11. On June 5, 2026, Respondents filed objections, as well as a Notice of Change in Detention Authority. Respondents' filing showed that on April 24, 2026, the Ninth Circuit denied Petitioner's petitioner for review of the BIA removal order, vacated the temporary stay of removal that had been in place, and denied his motion to stay his removal order. ECF Nos. 12-13; ECF No. 12 at 6-12 (Ninth Circuit Memorandum Opinion).[1] As a result of the vacatur of the temporary stay of removal, Petitioner's removal order is now deemed final in accordance with 8 U.S.C. § 1231(a)(1)(B)(ii). The authority for his detention shifted to 8 U.S.C. § 1231(a)(2) for a 90-day removal period.

Petitioner filed a response to the objections, asserting that Petitioner "still seeks, and this Court can still grant, the very relief the Magistrate Judge recommended, a[s] prolonged civil detention without a hearing violates due process under either statute." ECF No. 14 at 2. Petitioner also points out that his removal order became final nearly six weeks before the Findings and Recommendations," yet Respondents "said nothing" until the undersigned recommended granting the § 2241 application. Id. at 4. As to the constitutionality of Petitioner's ongoing detention, Petitioner submits "that a noncitizen facing prolonged detention under Section 1231(a) is entitled to a hearing before a neutral decisionmaker." Id. at 6 (citing Diouf v. Napolitano, 634 F.3d 1081, 1091-92 (9th Cir. 2011)). Moreover, Khotesouvan v. Morones, 386 F.3d 1298, 1300-01 (9th Cir. 2004), holds only that detention during the discrete, presumptively reasonable 90-day post final order of removal period does not, standing alone, offend due process. Id. at 6. Petitioner further emphasizes that Respondents have not shown that Petitioner's removal to Fiji is reasonably foreseeable. Id. at 6-7. "They have not represented that a travel document for Fiji has issued or that removal is imminent, and Mr. Deo retains the right to seek panel rehearing, rehearing en banc, or certiorari, each of which would further prolong his detention." Id. at 7. Finally, Petitioner asserts that his "civil confinement has outlasted the regulatory purpose that justifies it" in violation of substantive due process. Id. at 8.

---

[1] Respondents do not explain why they failed to address these developments at the Ninth Circuit when filing an answer to the petition on May 15, 2026. ECF No. 7.

In light of the new detention authority, District Judge Coggins declined to adopt the original Findings and Recommendations and referred the matter back to the undersigned for further proceedings. ECF No. 15. Based on the arguments presented in Respondents' objections and Petitioner's response to the prior Findings and Recommendations, the Court deems this matter fully briefed, even considering the change in Petitioner's detention authority.

## II. Legal Standards

Detention is mandatory during the 90-day "removal period" following the entry of a final order of removal.[2] See 8 U.S.C. § 1231(a)(1)-(2). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). "If the [noncitizen] does not leave or is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). ICE "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6).

This statutory scheme also implicates petitioner's due process rights under the Fifth Amendment. See Zadvydas v. Davis, 533 U.S. 678, 692 (2001) (describing "[t]he serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any such protection" as "obvious"); see also Nguyen v. Hyde, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (noting that a DHS regulation governing post-final order removal detention was "promulgated to protect a fundamental right derived from the Constitution or a federal statute[.]"). In Zadvydas, the Supreme

---

[2] In this case, the 90 day mandatory detention period commenced on April 24, 2026 and ends on July 23, 2026, after which Petitioner's continued detention falls under 8 U.S.C. § 1231(a)(6). See 8 U.S.C. § 1231(a)(1)(B)(ii).

While the remedy under the Zadvydas framework for prolonged and indefinite detention is normally release, an individual detained under § 1231(a) may also seek as a remedy a bond hearing where detention is prolonged but is not deemed indefinite. See Doe v. Becerra, 697 F.Supp.3d 937 (N.D. Cal. 2023) (evaluating whether due process required a bond hearing during 90-day removal period).

**III. Analysis**

Respondents contend that the 90-day mandatory detention period of 8 U.S.C. § 1231(a)(2) is conclusive in resolving this case against petitioner.[3] However, as in other statutory contexts where a noncitizen is subjected to prolonged, mandatory detention, petitioner may, at a minimum, invoke the protections of due process on an as-applied basis. Despite the shifting statutory authority for his detention during the pendency of this case, Petitioner has remained in detention for a total of over two and one half years. The undersigned joins other courts in finding that Petitioner's period of pre-final order detention should be aggregated with the current period of time in determining whether Petitioner's ongoing detention remains within Constitutional limits. See Nguyen v. Scott, 796 F.Supp.3d 703, 721-22 (W.D. Wash. 2025) (adding prior periods of detention to current period of detention in order to determine whether the petitioner's detention remained presumptively reasonable); Sied v. Nielsen, No. 17-cv-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (explaining that "the six-month period does not reset when the government detains a[ ] [noncitizen] ..., releases him from detention, and then re-detains him again."); Chen v. Holder, No. 6:14-cv-2530, 2015 WL 13236635, at *2 (W.D. La. Nov. 20, 2015) (finding that "[s]urely, under the reasoning of Zadvydas, a series of releases and re-detentions by the government ... while technically not in violation of the presumptively reasonable jurisprudential six month removal period, in essence results in an indefinite period of detention, albeit executed in successive six month intervals"); Marjanjou v. Warden of the Golden State Annex Det. Facility, No. 1:25-CV-01580-DC-EFB (HC), 2026 WL 925943, at *4 (E.D. Cal. Apr. 6, 2026). Therefore, Petitioner's total time in detention far exceeds the six-month period of

[3] As a purely practical matter, Petitioner's 90-day mandatory detention period, which began on April 25, 2026, will expire around the same time these Findings and Recommendations issue.

detention found presumptively reasonable by the Supreme Court in Zadvydas, 533 U.S. at 701. See Chantha v. Warden, No. 1:26-cv-01052-DJC-SCR, 2026 WL 1147960 (E.D. Cal. April 6, 2026) (finding a 7 month detention period aggregated between pre and post final order of removal constituted prolonged detention), adopted by 2026 WL 1147960 (April 28, 2026). The Ninth Circuit has referred to detention periods longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted). The prolonged nature of petitioner's detention gives rise to an as-applied constitutional challenge to that detention.

In reaching this conclusion, the undersigned finds persuasive the reasoning in Doe v. Becerra, 697 F.Supp.3d 937 (N.D. Cal. 2023), which also involved a habeas petitioner subject to detention under § 1231(a)(2) after a prolonged period of earlier detention. As the Court in Doe found, "[t]he IJ's final order of removal may have started a new clock for the Government to take a different type of action, but it did not reset the clock as to the time Doe has been detained without a bond hearing." 697 F.Supp.3d at 943. In the instant case, the entirety of Petitioner's detention of over two years without any determination that he is a flight risk or a danger to the community establishes the basis for his as-applied challenge to ongoing detention. "[J]ust as the 'shall' in Section 1226 gives way to as-applied due process challenges, so too must the 'shall' in Section 1231(a)." Doe, 697 F.Supp.3d at 943.

Petitioner's case is distinguishable from Khotesouvan, 386 F.3d 1298 (9th Cir. 2004), because he had already been detained for more than two years at the time he initiated this § 2241 action. The petitioners in Khotesouvan had only been detained by immigration officials for around two months at the time they filed their habeas actions. In that circumstance, the Ninth Circuit held that their detention could not be challenged until at least the 90-day removal period had passed. Id. While Khotesouvan may preclude habeas petitioners from seeking immediate release under Zadvydas during the 90-day removal period, based on the total length of petitioner's detention, Khotesouvan does not preclude other relief.

////

Petitioner's prolonged detention without a bond hearing violates his procedural due process rights. See Doe, 697 F.Supp.3d at 946-48 (requiring a bond hearing in case governed by § 1231(a)(2) where government would bear the burden by clear and convincing evidence to show that continued detention is warranted). The undersigned recommends granting the § 2241 petition on claim one based on his unlawful prolonged detention.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be ordered to provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days from any order resolving the § 2241 petition.

3. Respondent[s] be further required to notify Petitioner as well as any immigration counsel of record of the date of the required bond hearing at least seven (7) days in advance of the hearing

4. Respondents be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

5. If Petitioner is granted release on bond, Respondents shall return all of Petitioner's documents and possessions at the time of release.

6. The Clerk of Court be directed to enter judgment in Petitioner's favor and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE